# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES C. PLATTS,<br>                Plaintiff,<br><br>  vs.<br><br>MARY BETH BUCHANAN,<br>Former U.S. Attorney; IRS AGENT<br>JEFFREY MILLER; UNITED STATES<br>OF AMERICA DEPARTMENT OF<br>TREASURY, IRS,<br>                Defendants. | )<br>)<br>)<br>) Civil Action No. 12-1788<br>) Magistrate Judge Maureen P. Kelly<br>)<br>)<br>)<br>)<br>)<br>) Re: ECF Nos. 11; 12; 14 and 15 |

## **ORDER**

Plaintiff, James C. Platts, has sent correspondence to the Court, ECF No. 12, which the Court deems to be a "Motion Requesting Legal Advice" (the "Motion"), which will be denied because Courts cannot provide legal advice to litigants.

In the Motion, Plaintiff notes that he was in receipt of this Court's May 8, 2013 Deficiency Order which required Plaintiff to file an Authorization Form, permitting the deduction from his prison account of the filing fee. ECF No. 5. Plaintiff enclosed the Authorization Form along with the Motion but "with reservations." ECF No. 12 at 1.

Plaintiff explained that in November 2012, he inquired of the Clerk's Office what paperwork needed to be filed in order to request "judicial review of inappropriate actions by federal employees." Id. Apparently, in response to Plaintiff's inquiry, the Clerk's Office sent to Plaintiff the standard pro se prisoner civil rights complaint form used in this District. Plaintiff then states that in December 2012, he filed a "motion under 5 USC 702 Right of Review with the

District Court requesting an inquiry." ECF No. 12 at 1. We note that the current civil rights Complaint was filed on December 7, 2012. ECF No. 1. Plaintiff complains that he received no confirmation from the Clerk's Office regarding the filing of the action under 5 U.S.C. § 702, commonly known as the Administrative Procedures Act ("APA"). To the extent Plaintiff sought to have the decisions and actions of the then United States Attorney Mary Beth Buchanan and the IRS Agent Jeffrey Miller reviewed in connection with their investigation and criminal prosecution of Plaintiff which ultimately lead to his convictions, he would not be entitled to proceed under the APA. Soobzokov v. Holder, NO. CIV. 10-6260, 2011 WL 2293853, at * 5 (D.N.J., June 7, 2011) ("agency action is not entitled to judicial review 'to the extent that' such action 'is committed to agency discretion by law.' 5 U.S.C. § 701(a)(2). As previously discussed, the decision whether or not to arrest and prosecute an individual in connection with a crime is within Defendants' discretion. Therefore, Mr. Soobzokov's claim under the APA is dismissed."), *aff'd*, __ F. App'x __, 2013 WL 928691 (3d Cir. 2013). We also note that it does not matter whether this case is construed as an action under the APA or a civil rights suit under the Civil Rights Act, 42 U.S.C. § 1983, as the filing fees for both types of action were, at the time this suit was initiated, the same, i.e., $350.00. See Bailey v. Holinka, NO. 09-CV-360, 2009 WL 2030371, at *2 (W.D.Wis., July 13, 2009) ("he may have wanted to avoid paying a $350 filing fee for an APA action as opposed to a $5 fee for a habeas corpus action").

In the Motion, Plaintiff also poses a list of nine questions to this Court, all of which, in essence, ask for legal advice concerning the significance of the filing of this civil rights suit, and other related matters. ECF No. 12 at 2. Unfortunately, the Court cannot answer Plaintiff's legal questions as the Court cannot provide legal advice to him, nor can the Clerk's Office. See, e.g.,

Mala v. Crown By Marina, Inc., 704 F.3d 239 (3d Cir. 2013) ("The general rule, then, is that courts need not provide substantive legal advice to pro se litigants.").

Hence, the correspondence from Plaintiff, treated as a Motion Requesting Legal Advice is DENIED. It does not appear that any Motion Under 5 U.S.C. § 702 was filed in this case nor filed as a separate independent action in this Court. Hence, the current civil rights action at No. 12-cv-1788 is the only openly active case from Plaintiff currently pending in this Court.[1] We also note that the civil action that Plaintiff filed at No. 13-803 has been closed. The Court is enclosing a copy of the Docket Sheets in both cases as a courtesy so that Plaintiff may know what has been filed in the cases.

Plaintiff has filed other correspondence with the Court as well. The Court is in receipt of a letter dated June 21, 2013, ECF No. 14, addressing, *inter alia*, the issue of payment of the filing fee. Plaintiff has sent another letter to the Court as well, dated June 28, 2013, ECF No. 15, also requesting that the collecting of money from his trust account be suspended until he receives a satisfactory answer from the Court. To the extent that Plaintiff seeks, by means of the June 21, 2013 letter and the June 28, 2013 letter to have the withdrawal of funds from his prisoner trust account suspended, the request is denied insofar as the Court has no discretion as to whether to collect the filing fee. See Goins v. Decaro, 241 F.3d 260, 261-62 (2d Cir. 2001) ("The [Prison Litigation Reform Act of 1995] makes no provision for return of fees partially paid or for

---

[1] This Order will also serve as a reply to Plaintiff's June 3, 2013 Letter to the Court, which was docketed as Plaintiff's Second Response to the May 29, 2013 Order to Show Cause. ECF No. 11. In ECF No. 11, Plaintiff asserted that he believed he had fully complied with the requirements of the Amended Deficiency Order of May 8, 2013, ECF No. 5, which directed that he file an Authorization form, permitting the withdrawal of money from his inmate account to pay the filing fee for this civil action. We concur in Plaintiff's conclusion that he has fully rectified the deficiencies noted, and, as the docket shows, the Court is in receipt of Plaintiff's Authorization permitting withdrawal of funds in order to pay the filing fee in installments in accordance with 28 U.S.C. § 1915(b).

cancellation of the remaining indebtedness in the event that an appeal is withdrawn."). Accord Porter v. Dept. of Treasury, 564 F.3d 176, 180 (3d Cir. 2009) ("even if Telfair obtains IFP status, we have no authority to waive his fees under the PLRA."); Brown v. Pennsylvania Dept. of Corrections, 271 F. App'x 280, 283 n.3 (3d Cir. 2008).

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order. Any appeal is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to file a timely appeal will constitute a waiver of any appellate rights.

BY THE COURT,

/s/ Maureen P. Kelly
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

Date: July 17, 2013

cc: James C. Platts
#09684-068
USP Hazelton
U.S. Penitentiary
P.O. Box 2000
Bruceton Mills, WV 26525