IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JAMES C. PLATTS,  )
             Plaintiff,  )
                            ) Civil Action No. 12-1788
   vs.  )
                            ) Judge Arthur J. Schwab/
MARY BETH BUCHANAN,  ) Magistrate Judge Maureen P. Kelly
Former U.S. Attorney; IRS AGENT  )
JEFFREY MILLER; UNITED STATES  )
OF AMERICA DEPARTMENT OF  )
TREASURY, IRS,  )
             Defendants.  )

**REPORT AND RECOMMENDATION**

**I. RECOMMENDATION**

It is respectfully recommended that, pursuant to the screening provisions of the Prison Litigation Reform Act, the Plaintiff's Complaint be dismissed before being served upon the Defendants because the Complaint fails to state a claim upon which relief can be granted.

**II. REPORT**

At the time of the initiation of the present civil action, James C. Platts ("Plaintiff") was a federal prisoner, incarcerated at the United States Penitentiary-Hazelton located in Bruceton Mills, West Virginia. Plaintiff was convicted in the United States District Court for the Western District of Pennsylvania and was sentenced to serve 30 months for federal tax violations.[1] Plaintiff has filed a Complaint invoking, apparently, 5 U.S.C. § 702, commonly known as the Administrative Procedures Act ("APA"). In the Complaint, Plaintiff alleges violations of the

---

[1] The Court takes judicial notice of the docket in United States v. James C. Platts, No. 07-cr-21. Plaintiff was also criminally prosecuted for, *inter alia*, mail fraud and money laundering in 2010 in this District in United States v. James. C. Platts, No. 10-cr-176.

United States Constitution and various federal statutes by Defendant Jeffrey Miller, the I.R.S. agent who investigated Plaintiff's tax improprieties, and by Mary Beth Buchanan, the United States Attorney for the Western District of Pennsylvania at the time of Plaintiff's indictment and throughout his criminal trial. The trial concluded on June 27, 2008. Plaintiff was sentenced to a total of 30 months of incarceration and a 3 year term of supervised release.

The present action is simply another in the long list of Plaintiff's attempts to impugn the validity of his tax evasion conviction. See, e.g., United States v. James C. Platts, No. 07-cr-21(W.D. Pa. ECF No. 139 (second or successive Section 2255 motion filed 1/23/2012); ECF No. 143 (Motion for Reconsideration, filed 3/19/2012); ECF No. 149 (Motion for Review under 5 U.S.C. § 702 of the APA filed 1/10/13); ECF No. 151 (Motion for Leave to File Second or Successive Section 2255 Motion filed on 2/15/2013); ECF No. 153 (Rule 60(b) Motion for Relief from Judgment filed on 6/14/2013); ECF No. 156 ("Motion for a Judgment of Acquittal" filed on 7/2/2013)). Furthermore, the present case is not even the latest attempt by Plaintiff to impugn his tax evasion convictions. See, e.g., Platts v. O'Brien, No. 5:13-cv-61 (N.D. W.Va. Section 2241 habeas petition attacking the tax evasion convictions, filed 5/3/2013 and ECF No. 12 Report recommending pre-service dismissal filed 7/9/2013); Platts v. Mary Beth Buchanan, No. 2:13-vd-42 (N.D. W.Va. civil rights complaint filed on 6/11/2013).

Because Plaintiff's allegations in the Complaint necessarily call into question the validity of his conviction, the present suit is barred by Heck v. Humphrey, 512 U.S. 477 (1994).

A. RELEVANT PROCEDURAL HISTORY

On November 30, 2012, Plaintiff signed a pre-printed form Complaint provided by the Clerk's Office to pro se prisoners seeking to file a lawsuit. The Clerk's Office docketed the Complaint on December 7, 2012. The Complaint was not accompanied by the required filing fee

or by a Motion for Leave to Proceed In Forma Pauperis ("IFP Motion"). The Court issued a deficiency order directing Plaintiff to rectify this. Plaintiff filed a deficient IFP Motion. ECF No. 3. The IFP Motion was not accompanied by an Authorization Form. The Court ordered Plaintiff to rectify this deficiency by May 21, 2013. ECF No. 5. Plaintiff failed to do so and the Court issued an Order to Show Cause why the case should not be dismissed due to Plaintiff's failure to comply with court orders. ECF No. 6. Plaintiff then filed the Authorization. ECF No. 7. Plaintiff also filed a Response to the Order to Show Cause. ECF No. 8. The Court then granted Plaintiff's IFP Motion. ECF No. 9. The Complaint was formally filed. ECF No. 10. Plaintiff also filed correspondence with the Court, ECF Nos. 14 and 15. The Court addressed the issues raised in Plaintiff's correspondence in an Order dated July 17, 2013. ECF No. 16. Plaintiff also sought a refund of partial filing fees paid ("Motion for Refund") because he alleged that he had only conditionally granted authorization for the collection of filing fees and the conditions he gave (namely, that the Court answer some of his legal questions) were not met prior to the funds being deducted. ECF No. 17. The Court denied the Motion for Refund by Text Order dated July 31, 2013. Plaintiff filed a Motion for Reconsideration of that Text Order, ECF No. 18, which the Court also denied. ECF No. 20.

### B. APPLICABLE LEGAL PRINCIPLES

In the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), Congress adopted major changes affecting civil rights actions brought by prisoners, in an effort to curb the increasing number of frivolous and harassing law suits brought by persons in custody. The PLRA permits courts to screen complaints filed by prisoners and dismiss them before they are served if the complaints fail to state a claim or are frivolous or malicious. See Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996). Because Plaintiff is a prisoner who

has been granted IFP status and/or because Plaintiff sues government employees, the screening provisions of the PLRA apply. See 28 U.S.C. §1915(e) ("[n]otwithstanding any filing fee, or any portion thereof, that may have been paid [by a prisoner granted IFP status], the court shall dismiss the case at any time if the court determines that – (A) the allegation of poverty is untrue; or (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."); 28 U.S.C. § 1915A ("[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.").

In performing the Court's mandated function of sua sponte review of complaints under 28 U.S.C. §§ 1915(e) and 1915A, to determine if they fail to state a claim upon which relief can be granted, a federal district court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). See, e.g., Brodzki v. Tribune Co., 481 F. App'x 705 (3d Cir. 2012) (applying Rule 12(b)(6) standard to claim dismissed under 28 U.S.C. § 1915(e)(2)); Courteau v. United States, 287 F. App'x 159, 162 (3d Cir. 2008) ("the legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915A is identical to the legal standard employed in ruling on 12(b)(6) motions."); Montanez v. Pa. Health Care Service Staffs, Civ.A. No. 09-1547, 2011 WL 7417026, at *2 (W.D. Pa. Dec. 14, 2011), *report adopted by*, 2012 WL 602938 (W.D. Pa. Nov. 23, 2012).

As the United States Supreme Court explained in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), a complaint may properly be dismissed pursuant to Fed. R. Civ. P. 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Id. at 570 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46

4

(1957)). Under this standard, the court must, as a general rule, accept as true all factual allegations of the complaint and all reasonable inferences must be viewed in the light most favorable to plaintiff. Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985). In addition to the complaint, courts may consider matters of public record and other matters of which a court may take judicial notice, court orders, and exhibits attached to the complaint when adjudicating a motion to dismiss under Rule 12(b)(6). Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 n.2 (3d Cir. 1994). Moreover, under the 12(b)(6) standard, a "court need not . . . accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001), *amended by,* 275 F.3d 1187 (9th Cir. 2001). The Court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) (citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the court accept legal conclusions set forth as factual allegations. Bell Atlantic Corp., 550 U.S. at 555 (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).

The question to be resolved is: whether, taking the factual allegations of the complaint, which are not contradicted by the exhibits and matters of which judicial notice may be had, and taking all reasonable inferences to be drawn from those uncontradicted factual allegations of the complaint, are the "factual allegations . . . enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact[.]" Bell Atlantic Corp. v. Twombly, 550 U.S. at 555. Or put another way, a complaint may be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can

5

be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."
Id. at 570.

Furthermore, because Plaintiff is pro se, courts accord an even more liberal reading of the complaint, employing less stringent standards when considering pro se pleadings than when judging the work product of an attorney. Haines v. Kerner, 404 U.S. 519 (1972).

**C. DISCUSSION**

**1. The Allegations of the Complaint**

Plaintiff's Complaint alleges wrongdoing by the two individual Defendants whom he asserts were involved in the investigation and prosecution of Plaintiff's tax evasion crimes. Plaintiff alleges the following:

> While acting in the capacity of the United States Attorney, Ms. Buchanan abused her duly appointed authority by intentionally, and knowingly violating federal laws, rules and statutes that have by fraudulent action and conspiracy, violated the rights of Platts that lead to prejudice of an indictment by the fabrication of a crime that was never committed in pursuit to gain[ing] a wrongful conviction of an innocent man.
> . . . . In this case, Ms. Buchanan has seriously failed in her duties to abide by the law andcreated [sic] prejudice of rights. . . . by perverting justice of misconduct with fraudulent misrepresentation and withholding of evidence from the courts.
> . . . .
> I have all of the evidence, facts, and documentations to prove actual innocence and to unarguably demonstrarte [sic] that Ms. Buchanan knew from the begin[n]ing that these allegations as presented to the grand jury to gain an indictment were <u>not</u> factually true other than by unsupported and unverified opinion of <u>assumption</u>, and proceeded after the <u>expiration</u> of the statute of limitations [which governed the tax evasion crime] with prejudice in total disregard to all rights and in violation of the law by obstructing justice and with the withholding of illegally seized Brady evidence. All serious violations of the law
> . . . .
> Agent Miller fabricated a crime that did not exist and Ms. Buchanan conspired. Ms. Buchanan had knowledge and access to all of this withheld Brady evidence and fabricated this inappropriate action to the Department of Justice and was copied in on all of the false allegations and fraudulent actions, ignored the expiration of the statute of limitations with an invalid and incomplete waiver [of

6

>the statute of limitations defense] that she knew was not executed and preceded [sic] to indict and prosecute an innocent man that was gained by perjurious testimony by agent Miller that she knew was criminal before a federal grand jury 5 months after the period was time barred by misrepresenting a false waiver [of the statute of limitations defense].

ECF No. 10 at 5 to 11.

It is clear from the foregoing allegations that if Plaintiff were successful in establishing his contentions, the validity of Plaintiff's convictions for tax evasion would necessarily be called into question. Plaintiff essentially alleges that his indictment before the grand jury was obtained by fraud, because the evidence presented to the grand jury, which was also provided at trial, was perjurious, and this allegation necessarily calls into question the validity of his conviction. Perez v. U.S., 481 F. App'x 203, 207 (5th Cir. 2012) ("Because there is no evidence that Perez's convictions have been overturned, expunged, or otherwise invalidated, any claim that his indictment was obtained by fraud is barred by *Heck*"); Marshall v. Hancock, 263 F.3d 163 (Table), 2001 WL 803742, at *1 (5th Cir. 2001) ("The district court correctly held that Marshall's claim that his indictment was fraudulently obtained necessarily implicates the constitutionality of his conviction and is barred by *Heck*."); King v. Rodriguez, No. 9:06CV137, 2007 WL 1063855 at *1 (E.D. Cal. April 4, 2007)(a claim "challenging the actions of the federal agents and the fraud they allegedly committed in order to obtain the indictment against him" was barred by Heck). In addition, Plaintiff claims that his conviction was obtained in violation of the statute of limitations governing the crimes he committed because the indictment was not brought timely and Plaintiff's waiver of the statute of limitations defense was not valid. Such a claim necessarily calls into question the validity of his conviction. See 21 Am. Jur.2d, Criminal Law § 247 ("Statutes of limitations in criminal cases . . . . create a bar to

7

prosecution and are therefore not merely statutes of repose as they are in civil cases. . . . and a judgment for the defendant on a plea of the statute is necessarily an acquittal of the charge"). Plaintiff also alleges that the prosecution withheld exculpatory evidence, or as he termed it "Brady evidence" in violation of Brady v. Maryland, 373 U.S. 83 (1963), which also necessarily calls into question the validity of Plaintiff's conviction. Broam v. Bogan, 320 F.3d 1023, 1030 (9th Cir. 2003) ("A prosecutor's decision not to preserve or turn over exculpatory material before trial, during trial, or after conviction is a violation of due process under *Brady v. Maryland*, 373 U.S. 83, 87 (1963)."); Aguirre v. Los Angeles County Dist. Atty.'s Office, No. CV 11–8660, 2012 WL 5830077, at *2 (C.D.Cal., Oct. 15, 2012) ("Plaintiff's Claim that the Prosecution Withheld Exculpatory Evidence in Violation of Brady Is Heck–Barred")(emphasis removed).

## 2. Heck Bars This Action.

Because Plaintiff's Complaint necessarily calls into question the validity of his conviction, he is barred from proceeding with this purported APA Complaint by the doctrine of Heck v. Humphrey, 512 U.S. 477 (1994).

In Heck, a state prisoner convicted of voluntary manslaughter brought a civil rights action against prosecutors and a police investigator, asserting that the defendants, acting under color of state law had engaged in an unlawful, unreasonable and arbitrary investigation, leading to Heck's arrest; had knowingly destroyed evidence that could have proven Heck's innocence and caused an illegal voice identification procedure to be used at his state trial. Heck, 512 U.S. at 479. The United States Supreme Court rebuffed such an effort and held as follows:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive

order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

Heck 512 U.S. at 486-87 (footnote omitted).

Because success in establishing that the Defendants falsely convicted Plaintiff, by allegedly lying in the course of the criminal proceedings and committing perjury and by prosecuting him beyond the applicable statute of limitations for the crimes and by withholding exculpatory evidence, would necessarily render his convictions or sentences invalid, the reasoning of Heck, renders Plaintiff's claims non-cognizable in this APA action absent an invalidation of those convictions. See, e.g., Abella v. Rubino, 63 F.3d 1063, 1064, 1065 (11th Cir. 1995) (holding that the plaintiff's argument that the defendants "knowingly and willfully conspired to convict him falsely by fabricating testimony and other evidence against him" was barred under *Heck* because "[j]udgment in favor of Abella on these claims [that the defendants unconstitutionally conspired to convict him of crimes he did not commit] 'would necessarily imply the invalidity of his conviction.'"); Zhai v. Cedar Grove Municipality, 183 F.App'x 253, 255 (3d Cir. 2006) ("Zhai's conspiracy claims under 42 U.S.C. §§ 1985-1986 are based on her allegation that the officers, prosecutor, and judge conspired to bring false charges to secure a release for any civil liability resulting from the incident. However, these claims are barred, along with her challenges to the guilty plea itself, by *Heck v. Humphrey*"); Perez v. Sifel, 57 F.3d 503 (7th Cir. 1995) (per curiam) (Heck barred § 1983 action charging conspiracy to procure conviction through perjury, falsifying evidence, and withholding exculpatory evidence).

9

While Heck specifically addressed civil rights actions under Section 1983 in which damages were sought, the rationale of Heck has not been limited to such civil rights cases only. Terry v. U.S. Small Business Admin., 699 F.Supp.2d 49, 55 (D.D.C. 2010) ("Courts have extended *Heck 's* rationale beyond the context of § 1983 to a variety of situations where a plaintiff has been convicted of a federal crime and later files a civil action which, if successful, would necessarily imply the invalidity of the plaintiff's conviction."). Indeed, Heck's rationale has been held to include actions under the APA such as this one, which necessarily call into question the validity of the plaintiff's criminal convictions. See, e.g., Brown v. F.B.I., 793 F.Supp.2d 368, (D.D.C., 2011) (applying Heck to bar a suit under APA); Derrow v. Bales, No. 06–CV–137, 2007 WL 1511997, at *3 (E.D.Tex. May 22, 2007) ("The Defendants correctly noted that the Heck reasoning has been applied to Privacy Act and APA cases."), *appeal dismissed*, Derrow v. Unidentified, 265 F.App'x 330 (5th Cir. 2008); Terry v. U.S. Small Business Admin., 699 F.Supp.2d at 55 ("Plaintiff counters that *Heck* is inapplicable simply because it did not 'involve a legal situation where, as here, the Court[ ] must look to' the APA. (Pl.'s Opp'n at 7.) This argument is not persuasive.").

Accordingly, because Plaintiff's Complaint, ostensibly filed pursuant to the APA, necessarily calls into question the validity of his conviction, and because his conviction has not been otherwise called into question by any of the methods required by Heck, the rule of Heck bars this action and requires that it be dismissed before service pursuant to the PLRA's screening provisions for failure to state a claim upon which relief can be granted.

## III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the Complaint be dismissed before being served pursuant to the screening provisions of the PLRA for failing to state a claim upon which relief can be granted.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

Respectfully submitted:

s/Maureen P. Kelly
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

Date: August 21, 2013

cc: The Honorable Arthur J. Schwab
United States District Judge

James C. Platts
#09684-068
USP Hazelton
U.S. Penitentiary
P.O. Box 2000
Bruceton Mills, WV 26525