# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES C. PLATTS, | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 12-1788 |
| vs. | ) |
| | ) Judge Arthur J. Schwab/ |
| MARY BETH BUCHANAN, | ) Magistrate Judge Maureen P. Kelly |
| Former U.S. Attorney; IRS AGENT | ) |
| JEFFREY MILLER; UNITED STATES | ) |
| OF AMERICA DEPARTMENT OF | ) |
| TREASURY, IRS, | ) |
| Defendants. | ) |

## ORDER

The above-captioned civil action was received by the Clerk of Court on December 7, 2012, and was referred to United States Magistrate Judge Maureen P. Kelly for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72 of the Local Rules of Court, regarding Magistrate Judges.

The Magistrate Judge's Report and Recommendation (the "Report"), ECF No. 21, filed on August 21, 2013, recommended that this civil action be dismissed for failure to state a claim pursuant to the screening provisions of the Prison Litigation Reform Act ("PLRA"). Service was made on Mr. Platts ("Platts") at his address of record. On September 5, 2013, Platts filed Objections to the Report. ECF No. 22. We now briefly address those Objections.

Typical of Platts' objections is the following: "Footnote of page 1 [of the Report] is factually incorrect. Platts was only indicted for the mentioned offenses, but the conducted colloquy records no admission of any guilt or guilty plea to any of the stated offenses." ECF No. 22 at 1. The footnote on page 1 of the Report reads in its entirety as follows: "The Court takes judicial notice of the docket in United States v. James C. Platts, No. 07-cr-21. Plaintiff was also

criminally prosecuted for, inter alia, mail fraud and money laundering in 2010 in this District in United States v. James. C. Platts, No. 10-cr-176." ECF No. 21 at 1, n.1. The footnotes says nothing of Plaintiff admitting guilt or a guilty plea. Plaintiff either misrepresents the footnote or misunderstands the footnote.

The next objection to be addressed is Platts seeming objection that Heck does not apply to federal Bivens actions or to APA actions for judicial review or to any federal action. ECF No. 22 at 4. Platts is simply wrong. Razzoli v. Director, Bureau of Prisons, 239 F. App'x 852, 856 n.5 (3d Cir. 2008)("The *Heck* doctrine applies equally to *Bivens* actions and § 1983 actions."); Wiley v. City of Chicago, 361 F.3d 994, 996 (7th Cir. 204) (Heck bars **any** suit for damages premised on a violation of civil rights if the basis for the suit is inconsistent with or would undermine the constitutionality of a conviction or sentence. Should success in a civil suit necessarily imply the invalidity of a conviction or sentence, Heck requires the potential plaintiff to wait until his conviction is nullified before bringing suit.")(emphasis added), *abrogation on other grounds recognized in*, Hobbs v. Cappelluti, 899 F.Supp.2d 738 (N.D. Ill. 2012); Brown v. F.B.I., 793 F.Supp.2d 368, (D.D.C., 2011) (applying Heck to bar a suit under APA).

Platts also incorrectly contends that the "court has inappropriately recharacterized the filed petition for judicial review as a §1983 state civil rights complaint." ECF No. 22 at 5. The Report makes clear that the Court is treating this civil action as one filed pursuant to the APA. ECF No. 21 at 1 ("Plaintiff has filed a Complaint invoking, apparently, 5 U.S.C. § 702, commonly known as the Administrative Procedures Act ('APA').").

To the extent that Platts wanted the Court, by the present action, to "conduct an evidentiary hearing and also a grand jury investigation" into the alleged wrongdoing of federal government employees involved in investigating and criminally prosecuting Platts, Platts cannot

2

obtain such. A "private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973). The violation of a federal criminal statute does not provide for a private cause of action. United States v. Oguaju, 76 F. App'x 579, 581 (6th Cir. 2003).

None of Platts' Objections merits rejection of the Report. Any objection not specifically addressed herein, has been adequately addressed by either the Report or by the several orders entered by the Magistrate Judge denying Platts' multiple requests and/or motions.

Accordingly, after *de novo* review of the pleadings and the documents in the case, together with the Report and Recommendation, the following order is entered:

AND NOW, this 9th day of September, 2013;

**IT IS HEREBY ORDERED** that the civil action is dismissed pursuant to the Prison Litigation Reform Act for failure to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that the Report and Recommendation, ECF No. 21, filed on August 21, 2013, by Magistrate Judge Kelly, is adopted as the opinion of the Court. Any amendment of the Complaint would be futile as amply demonstrated by the Objections.

Lastly, the Court certifies pursuant to 28 U.S.C. § 1915(a) that any appeal from this order would not be taken in good faith.

Date: September 9th, 2013

ARTHUR J. SCHWAB
UNITED STATES DISTRICT JUDGE

cc: The Honorable Maureen P. Kelly
United States Magistrate Judge

3

James C. Platts
#09684-068
USP Hazelton
U.S. Penitentiary
P.O. Box 2000
Bruceton Mills, WV 26525